Battle, J.
 

 The guilt of the defendant depends upon the question, whether he had a legal authority to detain the prisoner James Wood, at the time when he was permitted to make his escape. The defendant was not a regular officer, but he had been properly deputed by virtue of the tenth section of the twenty-fourth chapter of the Eevised Statutes, to execute the State’s warrant, by which Wood had been brought before a justice of the peace, to answer the criminal charge therein specified. Had the prisoner then been permitted to escape, there can be no doubt that the defendant would have been indictable therefor. But we are of opinion, that when the warrant had been returned, and the justice had acted upon the case, the deputation expired, and the defendant had no longer any authority to act under it. The
 
 mitti/nms
 
 was another, and a very different
 
 “
 
 precept or mandate,” which ought to have been delivered to a constable, had one been present; or
 
 “
 
 in the absence and for want of a constable,” the j nstice who made it out, ought to have deputed the defendant, or some other person, “ not being a party,” to execute it by carrying the prisoner to jail. But it is said, that the defendant was so deputed by the parol directions of the justice. This raises the question, whether the law required such deputation to be in writing. The defendant’s counsel strenuously contends that it did, and not only so, but that it ought to have
 
 *396
 
 been under tbe seal of the justice. In support of this position he relies upon the case of the
 
 State
 
 v. Worley,
 
 11
 
 Ire. 242, in which it was decided that a seal is essential to a warrant issued by a magistrate to arrest a person for a criminal offence, and that if there be no seal, the warrant is void, and the defendant is justified in resisting its execution. The argument seems to us to be unanswerable. If a regular officer, having a warrant, perfect in all respects except in the matter of a seal, cannot legally seize and detain the person of a citizen, wo cannot see how an authority to do so can be conferred, by parol merely, upon one who is not a known officer. Suppose that while on the way to jail the defendant had refused to go any further, how could he have shown that he had the right to call upon other persons to assist him ? "When arrived at the jail, how could he have satisfied the jailor that the prisoner was rightfully in' his custody, and that the jailor would be justified in receiving and detaining him ? It will not do to say that the
 
 mittwnm
 
 was written upon the warrant, which the defendant had been lawfully deputed to execute. In truth, it ought not to have been written there, for it was the duty of the justice to keep the warrant and judgment thereon, until he could return the papers to Court. But supposing it to have been properly on the warrant, the papers themselves would have shown, that whatever authority had been conferred upon the defendant, had expired with the execution end return of the warrant. The force of this argument is not weakened by the decision in the case of the
 
 State
 
 v. Maberry, 3 Strob., S. C. R. 144, The defendant in that case had been a regular officer, but had failed to renew his bond at the proper time, and it was held that he, continuing to act as an officer, could not take advantage of his own neglect. Our opinion is, that the judgment upon the special verdict was erroneous and must be reversed, and a judgment entered for the defendant.
 

 Per Curiam.
 

 Judgment reversed, and judgment for the defendant.